**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUANTUM FOODS, LLC, *et al.*,[1] | ) | Case No. 14-10318 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| THE OFFICIAL COMMITTEE OF UNSECURED | ) | |
| CREDITORS OF QUANTUM FOODS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 15 - _____ |
| v. | ) | |
| | ) | |
| VICTORY PACKAGING, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 502, 547, 548, AND 550**

The Official Committee of Unsecured Creditors (the "*Committee*") of Quantum Foods, LLC, *et al.* (the "*Debtors*"), by and through its undersigned attorneys, pursuant to sections 502, 547, 548, and 550 of title 11 of the United States Code (the "*Bankruptcy Code*"), hereby alleges for its Complaint (the "*Complaint*") against Victory Packaging, L.P. (the "*Defendant*"), upon information and belief as to all matters, as follows:

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction over this adversary proceeding (the "*Adversary Proceeding*"), which arises under the Bankruptcy Code, and arises in and relates to a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Quantum Foods, LLC (9437); Quantum Foods 213-D, LLC (1862); Quantum Culinary, LLC (1302); GDC Logistics, LLC (1997); Choice One Foods, LLC (9512). The Debtors' mailing address is c/o Quantum Foods, LLC, 750 South Schmidt Road, Bolingbrook, Illinois 60440.

case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*"), case number 14-10318, under U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4. On February 18, 2014 (the "*Petition Date*"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the Court.

5. On February 27, 2014, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6. On July 14, 2014, the Court entered an order [D.E. 525] (the "*Standing Order*"), whereby "[s]tanding is conferred upon the Committee and the Committee is appointed as representative of the Debtors' estates to investigate, prosecute, defend or otherwise resolve" certain Litigation Claims, as that term is defined in that certain *Motion of the Official Committee of Unsecured Creditors for Authority to Prosecute Causes of Action on Behalf of the Debtors and Granting the Committee Standing to Pursue Such Claims* [D.E. 476].

7. Pursuant to the Standing Order, the Committee is vested with, *inter alia*, standing to pursue certain causes of action on behalf of the Debtors' estates, including the Avoidance Claims (defined below).

8. Accordingly, the Committee has authority to commence this action on behalf of the Debtors.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to Section 547 of the Bankruptcy Code)**

9. The Committee repeats and realleges the allegations of paragraphs 1 through 8 as though fully set forth herein.

10. Upon information and belief, prior to the Petition Date, one or more of the Debtors was indebted to the Defendant for goods and/or services provided by the Defendant.

11. During the ninety (90) day period immediately preceding the Petition Date, one or more of the Debtors made payment(s) totaling $42,451.20 (collectively, the "*Transfers*") to the Defendant.

12. A list of the Transfers is attached hereto and incorporated herein as *Exhibit A*.

13. Each of the Transfers were transfers to, or for the benefit of, the Defendant.

14. At the time of each of the Transfers, the Defendant was a creditor of one or more of the Debtors.

15. Each of the Transfers were for, or on account of, an antecedent debt owing by one or more of the Debtors to the Defendant before such Transfers were made.

16. Upon information and belief, the Debtors were insolvent on the date each of the Transfers was made.

17. The Transfers were made within ninety days before the Petition Date.

18. The Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) this case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

19. By reason of the foregoing, the Transfers to the Defendant constitute avoidable preferences within the meaning of section 547(b) of the Bankruptcy Code.

## COUNT II

**(In the Alternative, Avoidance of Fraudulent Transfers under 11 U.S.C. §548(a)(1)(B))**

20. The Committee repeats and realleges the allegations of paragraphs 1 through 19 as though fully set forth herein.

21. Each Transfer constituted a transfer of an interest of the Debtors in property.

22. Each Transfer was made within two years before the Petition Date.

23. To the extent any of the Transfers were not made on account of antecedent debt owed by the Debtors, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

24. On the date each Transfer was made, the Debtors:

   a. Were insolvent or became insolvent as a result of the Transfer;

   b. Were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was an unreasonably small capital; or

   c. Intended to incur, or believed they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

25. For these reasons, and to the extent any of the Transfers were not made on account of an antecedent debt owed by the Debtors, the Committee may avoid, for the benefit of the Debtors' estates and creditors those Transfers as fraudulent under 11 U.S.C. § 548(a)(1)(B).

## COUNT III

**(Recovery of Avoided Transfers Pursuant to Section 550 of the Bankruptcy Code)**

26. The Committee repeats and realleges the allegations of paragraphs 1 through 25 as though fully set forth herein.

27.     The Defendant was either: (a) the initial transferee of the Transfers or the entity for whose benefit the Transfers were made; or (b) an immediate or mediate transferee of an initial transferee.

28.     The Transfers, to the extent that they are avoided pursuant to sections 547 or 548 of the Bankruptcy Code, may be recovered by the Committee, for the benefit of the Debtors' estates and creditors, pursuant to section 550 of the Bankruptcy Code.

## COUNT IV

**(Disallowance of Claims Pursuant to Section 502(d) of the Bankruptcy Code)**

29.     The Committee repeats and realleges the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.     Pursuant to section 502(d) of the Bankruptcy Code, any claim the Defendant holds against the Debtors' estates should be disallowed unless and until the Defendant returns the amount of the Transfers to the Debtors' estates.

WHEREFORE, the Committee respectfully requests that:

(a)     the Transfers be avoided pursuant to section 547 or 548 of the Bankruptcy Code, as applicable;

(b)     the Defendant be directed to return the amount of the Transfers to the Debtors' estates pursuant to section 550 of the Bankruptcy Code;

(c)     any and all claims held by the Defendant against the Debtors' estates be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the Debtors' estates;

(d)     all fees and costs be assessed against the Defendant; and

(e)     the Committee be granted such other and further relief as is just and proper.

Dated: July 1, 2015          CROSS & SIMON, LLC
       Wilmington, Delaware

By:    */s/ Kevin S. Mann*
Christopher P. Simon (No. 3697)
Michael J. Joyce (No. 4563)
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com
mjoyce@crosslaw.com
kmann@crosslaw.com

*Delaware Counsel to the Official Committee of Unsecured Creditors*

-and-

Richard S. Lauter (IL No. 6182859)
Devon J. Eggert (IL No. 6289425)
Elizabeth L. Janczak (IL No. 6302864)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
rlauter@freeborn.com
deggert@freeborn.com
ejanczak@freeborn.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*